UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

KEVIN JOSUE TORREZ,

      Petitioner,

v.

           No. 6:26-CV-00148-H

WARDEN, EDEN DETENTION
CENTER,

      Respondent.

## ORDER

Before the Court is Petitioner Kevin Josue Torrez's pro se emergency motion for temporary restraining order and preliminary injunction.  Dkt. No. 3.  He asks the Court to prevent his removal and to require his immediate release or an individualized bond hearing.  *Id.*  As explained below, the motion is denied.

### 1.   Legal Standards

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions.  A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief."  *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009).  Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief.  *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021).  The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest.  *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

**2. Analysis**

Petitioner states that he was detained on March 4, 2026. Dkt. No. 3. He asserts that no removal has been ordered, and his application for asylum remains pending. *Id.* He asks the Court to prevent his removal and order his immediate release or an individualized bond hearing. *Id.*

First, Petitioner seeks relief on an emergency basis, but he has not met the requirements for emergency relief. He did not include a declaration under penalty of perjury, nor did he allege specific facts that clearly show a threat of immediate and irreparable injury. Thus, he is not entitled to relief without giving respondent the opportunity to be heard.

Next, Petitioner's request for an immediate bond hearing or release must also be denied. "The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *See also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer"). Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Petitioner's motion appears to request the same relief sought in his habeas petition. *See* Dkt. No. 1. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). But the ultimate relief he seeks in his amended petition is also immediate release from custody or an emergency individualized bond hearing. *See* Dkt. No. 1 at 5–6. Because the preliminary relief sought in the motion improperly seeks the same ultimate relief requested in the petition, the motion for immediate release is denied.

Finally, the Court denies Petitioner's motion for stay of removal. First, the Court finds that Petitioner has not met the required elements for a TRO. He cannot show a substantial threat of irreparable harm, because he has not pled any facts to show that removal is imminent. To the contrary, he asserts that his immigration proceedings remain pending and he is not subject to a final order of removal. Thus, the Court denies his request

for a stay of removal.  Alternatively, and in any event, the Court lacks jurisdiction to grant a stay of removal.  "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)).  The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings.  *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).  The court therefore denies the motion for stay.

This habeas petition remains pending, and the Court will enter a separate order requiring an answer from the respondent and setting a briefing schedule.

So ordered on April 9, 2026.

James Wesley Hendrix
United States District Judge